CLERKS COPY

FILED
AT ALBUQUERQUE NM
MAR - 8 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TERRY CLARK,**

    Petitioner,

v.                                                 CIVIL NO. 97-550-JC/DJS

**TIM LEMASTER, Warden,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Petitioner's Motion for Relief from Order and Judgment Filed July 20, 1999, which motion was filed on February 17, 2000 (Docket No. ). By that motion Petitioner moves this Court to set aside its Order and Judgment dismissing his 28 U.S.C. §2254 motion to vacate his conviction for Criminal Sexual Penetration in the First Degree and Kidnaping entered in CR 84-262 in the Fifth Judicial District, Chaves County, of New Mexico. Pursuant to that conviction, Petitioner was sentenced to twenty-seven years imprisonment, to be followed by two years parole.

Petitioner contends that this Court should exercise its discretion pursuant to Fed.R.Civ.P. 60(b) and vacate its Order and Judgment because his *habeas* petition was dismissed without the Court addressing its merits. Petitioner filed his §2254 action on April 22, 1997. He did not specify the grounds upon which he sought relief. Rather, Petitioner attached approximately one hundred and

1

ninety-two pages of exhibits to the petition, stating that the exhibits contained the docketing statements, the decision of the New Mexico Court of Appeals, the decision of the Supreme Court of the state of New Mexico, a state *habeas* petition, and a petition for writ of *certiorari* to the New Mexico Supreme Court. On March 16, 1998, the Magistrate Judge entered an Order (Docket No. 13) directing Petitioner to submit an amended *habeas* petition which stated each ground upon which he sought relief and listing the facts in support of each ground. Petitioner did not submit an amended petition and, on May 14, 1999, the Magistrate Judge entered proposed findings that the petitioner was vague and conclusory and, as such, was insufficient to raise a *habeas* claim. The Magistrate Judge recommended that the petition be dismissed. In response to the Proposed Findings and Recommended Disposition (Docket No. 14), Petitioner sent a letter to the Magistrate Judge requesting that the Court appoint counsel to represent him. Petitioner stated that he had written to Gary C. Mitchell, Esq., about filing an amended *habeas* petition. Petitioner also stated that he did not understand the Court's Order regarding the amended petition, that he did not want his petition dismissed, and that his knowledge of the law is limited. The Court construed the letter as objections to the proposed findings and as a motion for appointment of counsel and had it filed. Following a *de novo* review of the proposed findings and the file, this Court adopted the proposed findings and recommended disposition and entered the Order and Judgment on July 20, 1999 which dismissed the petition with prejudice.

Petitioner now asserts that Gary Mitchell prepared his *habeas* petition and that he thought that Mitchell would file an amended petition in response to the Court's Order. In support of the instant motion he attaches two letters which he wrote to Mitchell requesting that the attorney file an amended petition. The first letter is dated March 18, 1998 and the second is dated March 23, 1998.

In the letters Petitioner requests that Mitchell contact him regarding the amended petition and reminds Mitchell of the importance of the instant proceeding. Petitioner also asserts that Mitchell asked the Federal Public Defender to file an amended petition on Petitioner's behalf and assumed that such a petition had been filed, not knowing that the Federal Public Defender must have been appointed by the Court in order to undertake Petitioner's representation. Petitioner argues that the order and judgment dismissing his petition on the grounds of Rule 60(b)(1) and Rule 60(b)(6).

A motion pursuant to Fed.R.Civ.P. 60(b) is a second *habeas* petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). Because the successive petition restrictions contained in 28 U.S.C. §2244 apply to Rule 60(b) proceedings, Petitioner must have obtained prior authorization from the 10th Circuit Court of Appeals prior to filing the instant motion in this Court. Id.; 28 U.S.C. §2244(b)(3)(A). This Court lacks jurisdiction to consider the instant motion. Lopez, 141 F.3d at 975-76.

Petitioner argues that this Court did not decide his petition on the merits, so the instant motion cannot be considered a successive petition under Lopez, *supra*. Assuming, *arguendo*, that the Order and Judgment adopting the Magistrate Judge's Proposed Findings and Recommended Disposition was not a decision on the merits, Petitioner must still obtain permission from the Court of Appeals before filing his Rule 60(b) motion with this Court. "[A]ppellate courts have generally agreed that a post-judgment Rule 60(b) motion is to be considered a 'second or successive' petition for the purposes of §2244(b)." Gee v. Shillinger, 139 F.3d 911, 1998 WL 67286 (10th Cir., Feb. 18, 1998)(unpublished disposition)(citations omitted, emphasis added). Further, the prior disposition of this case should be considered a decision on the merits of the petition.

Petitioner argues that his petition was dismissed on the grounds that he had failed to abide

3

by the Magistrate Judge's Order to more precisely state his claims. He is incorrect. The Magistrate Judge found that Petitioner's claims, embodied in one hundred and ninety-two pages of exhibits comprising briefs to and decisions by the New Mexico courts, were vague and conclusory. Conclusory allegations are insufficient to state a claim upon which relief can be granted. Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000) (Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue); United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (Court not required to fashion arguments for Petitioner where his allegations are conclusory and without supporting factual averments); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992)(Naked allegations not cognizable under federal *habeas* statutes); The Magistrate Judge did not recommend dismissal as a sanction for failing to obey the Court's Order. Petitioner's claims could have been dismissed out of hand as conclusory, however, the Order directing him to amend provided him with a further opportunity to state the reasons he believed he was entitled to relief. See Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991) (*Pro se* litigants should be given every reasonable opportunity to remedy defects in their pleadings). A determination that a habeas petition is vague or conclusory is a decision on the merit of that claim, insofar as the claim has no merit as presented. To accept Petitioner's argument would permit a *habeas* petitioner to obtain an unlimited extension of time to bring a §2254 action merely by filing a petition devoid of factual support, waiting for it to be dismissed as conclusory, then bringing a subsequent Rule 60(b) motion which sets out claims and the basis upon which he seeks relief. The circumstances of this case do not compel the conclusion that Petitioner's Rule 60(b) motion should not be treated as a successive petition for the purposes of §2244(b).

Because Petitioner has not provided this Court with an authorizing order allowing the filing

of a successive petition, this matter must be transferred to the court of appeals for consideration of the request for authorization. <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. §1631.

**IT IS THEREFORE ORDERED** that the Clerk is directed to transfer this case to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. §1631.

JOHN E. CONWAY
CHIEF UNITED STATES DISTRICT JUDGE